**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 8**

Docket No. PH-3330-13-0049-R-1

**Ross Vassallo,**

**Appellant,**

**v.**

**Department of Defense,**

**Agency,**

**and**

**Office of Personnel Management,**

**Petitioner.**

January 15, 2015

Ross Vassallo, Easton, Connecticut, pro se.

John K. Moroney, Esquire, Boston, Massachusetts, for the agency

Lida V. Kianoury, Esquire, Philadelphia, Pennsylvania, for the agency.

Becky C. Ronayne, Esquire, Washington, D.C., for the petitioner.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      Pursuant to 5 U.S.C. § 7703(d), the Director of the Office of Personnel Management (OPM) has petitioned for reconsideration of the Board's decision that ordered the agency to provide the appellant corrective action in this appeal

under the Veterans Employment Opportunities Act (VEOA). *Vassallo v. Department of Defense*, 121 M.S.P.R. 70 (2014). For the reasons discussed below, we GRANT the Director's petition, REVERSE our previous decision, and DENY the appellant's request for corrective action.

## BACKGROUND

¶2 This appeal concerns a vacancy announcement issued by the Defense Contract Management Agency (DCMA), which is a subcomponent of the Department of Defense (DOD), for a position in DCMA. *Vassallo*, 121 M.S.P.R. 70, ¶ 2. The vacancy announcement specified that only applicants from particular DOD subcomponents would be considered for the position: current DCMA employees and DOD employees with the Acquisition, Technology, and Logistics Workforce who are outside the military components. *Id.* The appellant was a current DCMA employee; however his application was rejected due to his failure to submit a Standard Form (SF) 50 (Notification of Personnel Action), which the announcement requested in order to verify an individual's eligibility for the position. *Id.* After first seeking corrective action from the Department of Labor, the appellant filed a VEOA claim under the provisions of 5 U.S.C. § 3304(f)(1), *Vassallo*, 121 M.S.P.R. 70, ¶ 3, which provides as follows:

> Preference eligibles or veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures.

¶3 The dispositive issue in this case is determining the scope of the meaning of the word "agency" as used in the statute for purposes of determining whether DCMA was required to give the appellant an "opportunity to compete." If the word "agency" in the statute means DCMA in this case, then the appellant had the right to compete, regardless of whether he submitted an SF-50 verifying his current DCMA employment, because applications were accepted from persons

outside DCMA.  If the word "agency" in the statute means DOD in this case, the appellant would not have had a right to compete because applications were not accepted from outside DOD's workforce; indeed, applications were not accepted from the entirety of DOD's workforce.

¶4        In finding that "agency" in this matter meant DCMA rather than DOD, the Board noted OPM's guidance in the VetGuide, which indicated that DOD, not its DCMA subcomponent, was the relevant agency.  *Vassallo*, 121 M.S.P.R. 70, ¶ 7.  The Board found that, while guidance in the VetGuide is entitled to "some weight," it is not entitled to the deference accorded to regulations.  *Id.*, ¶ 8.  Furthermore, the Board cited to its decisions in *Washburn v. Department of the Air Force*, 119 M.S.P.R. 265 (2013), and *Willingham v. Department of the Navy*, 118 M.S.P.R. 21 (2012), in determining that the pertinent agency was DCMA, *Vassallo*, 121 M.S.P.R. 70, ¶¶ 9-11.

¶5        The Board noted that, in *Washburn*, it had rejected OPM's interpretation of the meaning of the word "agency."  *Id*., ¶ 9.  Furthermore, it noted that, while not directly on point, its decision in *Willingham* was instructive on the question of defining "agency" for purposes of a VEOA claim.  *Id*., ¶ 10.  The issue in *Willingham* was whether the Marine Corps Community Services (MCCS), a nonappropriated fund instrumentality, was an "agency" within the meaning of 5 U.S.C. § 3330a(a)(1)(A) for purposes of Board jurisdiction.  *Willingham*, 118 M.S.P.R. 21, ¶ 9.  Noting that nothing in the legislative history of VEOA shed light on the meaning of "agency," the Board in *Willingham* looked to other sources for guidance in interpreting the meaning of "agency," including rules of statutory construction.  *Id*., ¶¶ 10-18.  Relying primarily on the Act's remedial purpose to establish rights and benefits for veterans, the Board in *Willingham* ultimately concluded that the MCCS should be viewed as the agency for purposes of the VEOA provision at 5 U.S.C. § 3330a.  *Id*., ¶¶ 15-18.  Thus, we noted in our prior decision in this matter that, while *Willingham* does not stand for the proposition that all subcomponents of DOD are agencies for

purposes of VEOA, it does reflect the Board's determination in VEOA appeals to interpret "agency" in a manner that best effectuates the underlying purposes of the Act.[1] *Vassallo*, 121 M.S.P.R. 70, ¶ 10.

¶6 OPM's argument that the Board's decision is wrong as a matter of law proceeds as follows: (1) sections 101-105 of Title 5, U.S. Code, constitute a comprehensive definitional scheme as to what entities constitute various types of agencies; (2) the term "Executive agency" in section 105 encompasses executive departments (including DOD), independent establishments, and military departments, but not subcomponents of any of those entities[2]; (3) these definitions apply to subsection 3304(f); (4) the term "agency" in subsection 3304(f) unambiguously refers to "Executive agency" as defined in 5 U.S.C. § 105, and this definition must be applied in this case; and (5) even if the term "agency" in subsection 3304(f) is ambiguous, the Board must defer to OPM's regulation at 5 C.F.R. § 315.611, which specifies that the definition in 5 U.S.C. § 105 applies to claims under 5 U.S.C. § 3304(f). Reconsideration File, Tab 5.

## ANALYSIS

¶7 We do not agree with OPM's contention that the term "agency" in subsection 3304(f) unambiguously refers to "Executive agency" as defined

---

[1] While the same statutory ambiguity in *Willingham* exists in this case, as explained below, the ambiguity in the present matter can be resolved through the application of OPM regulation 5 C.F.R. § 315.611. There was no such similar controlling regulation at issue in *Willingham*; accordingly, our decision in this case is not incongruous with *Willingham*.

[2] OPM is correct that the definition of "Executive agency" does not include subcomponents of executive departments, but OPM is incorrect in stating that military departments are executive agencies. Executive agencies under section 105 means an executive department, a government corporation, and an independent establishment. While "Executive department" does include DOD, "military departments" are separately defined as encompassing the Departments of the Army, Navy, and Air Force. 5 U.S.C. § 102.

in 5 U.S.C. § 105.  The unmodified term "agency" is not defined in 5 U.S.C. §§ 101-105; those sections define "Executive departments," "military departments," "Government corporation," "independent establishment," and "Executive agency."  Nevertheless, we agree with OPM's contention that any ambiguity is resolved by its regulation at 5 C.F.R. § 315.611.

¶8  When the language of a statute is ambiguous or Congress has left a gap to be filled, the interpretation of the agency entrusted with implementing the statute must be upheld so long as it is a permissible construction of the statute.  *Chevron, U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 843 (1984).  When there is an express delegation of rulemaking authority to fill gaps in the statutory scheme, the agency's "legislative regulation" will be given controlling weight unless it is arbitrary, capricious, or manifestly contrary to the statute.  *Id.* at 843-44.  The statute that spells out the substantive entitlement of preference eligibles and veterans to have an opportunity to compete for vacant positions specifies that "[OPM] shall prescribe regulations necessary for the administration of this subsection."  5 U.S.C. § 3304(f)(5).  OPM has prescribed such regulations in 5 C.F.R. §§ 335.106 and 315.611.  Section 335.106, titled "Special selection procedures for certain veterans under merit promotion," provides as follows:

> Preference eligibles or veterans who have been separated under honorable conditions from the armed forces after completing (as determined by the agency) 3 or more years of continuous active military service may compete for vacancies under merit promotion when an agency accepts applications from individuals outside its own workforce. Those veterans selected will be given career or career conditional appointments under § 315.611 of this chapter.

Section 315.611, titled "Appointment of certain veterans who have competed under agency merit promotion announcements," provides the following definition at subsection (b):  "'Agency' in this context means an executive agency as defined in 5 U.S.C. 105."

¶9  There can be no doubt that interpreting the word "agency" in 5 U.S.C. § 3304(f)(1) to mean "Executive agency" as defined in 5 U.S.C. § 105 is a

permissible construction of the statute, and we must therefore give OPM's regulation controlling weight. Given the above, the agency was not required to give the appellant an "opportunity to compete" because "the agency making the announcement"— DOD—did not accept applications from individuals outside its own workforce under merit promotion procedures. It restricted applications to individuals within its own workforce. Of course, the appellant was in DOD's workforce in this case. Whether the agency erred in not accepting the SF-50, however, is not a matter for the Board to review under 5 U.S.C. § 3304(f).

¶10    Accordingly, we reverse our previous decision and deny the appellant's request for corrective action.[3]

## ORDER

¶11    This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[3] In *Washburn*, 119 M.S.P.R. 265, ¶ 7, the Board relied on a different OPM regulation, 5 C.F.R. § 330.101(a), which defines "agencies" for the purpose of "Filling Vacancies in the Competitive Service" as including military departments. The definition at 5 C.F.R. § 315.611 for "agency" is narrower, as it relies on 5 U.S.C. § 105. DOD is an executive department under 5 U.S.C. § 101, and is therefore an executive agency under 5 U.S.C. § 105, which includes, among other things, an executive department. By contrast, the Department of the Air Force is a "military department" as defined in 5 U.S.C. § 102, which is not included in the definition of "Executive agency" under section 105. Because the instant matter does not involve a military department, we need not resolve this apparent inconsistency in the regulations at this time.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.