**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 12**

Docket No. DE-3330-14-0057-I-1

**Troy S. Piirainen,**

**Appellant,**

**v.**

**Department of the Army,**

**Agency.**

February 11, 2015

Troy S. Piirainen, Colorado Springs, Colorado, pro se.

Benjamin J. Kinsley, Esquire, and Sarah L. Ahn, Fort Carson, Colorado, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). For the reasons set forth below, we DENY the petition for review.

## BACKGROUND

¶2      The appellant is a GS-09 Training Instructor (TADSS)[1] for the agency's Training Support Center at Fort Carson, Colorado.  Initial Appeal File (IAF), Tab 5 at 15.  He is a 10-point preference-eligible veteran with a 30% service-connected disability.  IAF, Tab 1 at 5, Tab 5 at 15.

¶3      The appellant's supervisors determined that the Training and Support Center would benefit from having a senior training instructor on staff.  Hearing Compact Disc (HCD) (testimony of the appellant's first- and second-line supervisors).  The appellant's second-line supervisor worked with the Fort Carson Civilian Personnel Advisory Center (CPAC) to develop a position description for the Senior TADSS Instructor job and to submit a request to the agency's Installation Management Command (IMCOM) to hire for the position internally.  IAF, Tab 5 at 18-22, Tab 22 at 10, 17, 23-28; HCD (testimony of Human Resources Specialist and the appellant's second-line supervisor).

¶4      On August 30, 2012, while approval from IMCOM was still pending, the appellant's second-line supervisor emailed both the appellant and his coworker, another 10-point preference-eligible 30% disabled GS-09 Training Instructor, informing them that the Senior TADSS Instructor vacancy was about to be announced and advising them to get their résumés in order.  IAF, Tab 22 at 16, 20-22; HCD (testimony of the appellant's coworker).  On September 6, 2012, the appellant emailed his second-line supervisor, stating that he was confused as to why he should get his résumé in order because he understood that the position would go to his coworker.  IAF, Tab 22 at 15-16.  The supervisor responded, stating that the appellant was qualified for the position as well and that "we need to ensure you both have the opportunity to apply and advance."  *Id*. at 15.

---

[1] We take official notice that "TADSS" is an acronym for "Training Aids, Devices, Simulators, and Simulations." *Fort Carson Training Support Center Homepage*, http://www.carson.army.mil/tsc/index.html.

¶5       On September 11, 2012, the appellant's coworker submitted his résumé and application to the second-line supervisor. *Id*. at 17; HCD (testimony of the appellant's coworker). That same day, the appellant's second-line supervisor forwarded the coworker's materials to CPAC "[f]or the selection of the Sr TADSS Instructor." *See* IAF, Tab 22 at 17; *see also* HCD (testimony of the appellant's second-line supervisor). The appellant never submitted his résumé, but instead sent his second-line supervisor emails on October 9 and 11, 2012, seeking advice on how to proceed. IAF, Tab 22 at 14-15; HCD (testimony of the appellant). The agency did not respond to either of these inquiries. In the meantime, IMCOM approved the position description and the internal hiring authority, and the agency extended a job offer to the appellant's coworker via Veterans' Readjustment Act (VRA) "name request," which he accepted effective October 21, 2012. IAF, Tab 5 at 23-27, Tab 22 at 10-12; HCD (testimony of the appellant's coworker and second-line supervisor). On October 26, 2012, the appellant again emailed his second-line supervisor inquiring about the status of the Senior TADSS Instructor vacancy announcement. IAF, Tab 22 at 14. The second-line supervisor responded, stating that "[a]fter not getting any response from you for over one month, I presumed you were not interested. By the time you responded this action was locked in another direction." *Id*.

¶6       The appellant filed a veterans' preference complaint with the Department of Labor (DOL). IAF, Tab 1 at 7. After DOL notified him of its determination that there was no veterans' preference violation, the appellant filed the instant Board appeal.[2] IAF, Tab 1. The administrative judge found that the appellant

---

[2] As the administrative judge noted, the appellant's September 11, 2013 DOL complaint was filed outside the 60-day statutory window for challenging the alleged October 2012 veterans' preference violation. IAF, Tab 1 at 7; IAF, Tab 29, Initial Decision (ID) at 4 n.3; *see* 5 U.S.C. § 3330a(a)(2)(A). Nevertheless, because DOL found the complaint timely, the administrative judge correctly proceeded to the merits of the appellant's

established jurisdiction over the appeal, but after conducting a hearing, he denied his request for corrective action on the merits. ID at 1-2, 5, 8. Specifically, the administrative judge found that, when making an appointment under the VRA, an agency must consider all eligible candidates who are "on file," who are qualified, and who reasonably could expect to be considered. ID at 6. He found that the appellant was not "on file" because he had not submitted his job application and that the agency therefore did not violate his veterans' preference rights by failing to consider him. ID at 7.

¶7  The appellant has filed a petition for review, disputing the administrative judge's finding that he was not "on file" with the agency. Petition for Review (PFR) File, Tab 1 at 4-6. He also challenges the validity of the Office of Personnel Management's (OPM) VRA rules, and argues that the agency committed disability discrimination by failing to accommodate his memory loss when it failed to remind him of the vacancy. *Id*. at 5-6. The agency has not filed a response.

## ANALYSIS

¶8  We find that the appellant's claim arises under 5 U.S.C. § 3330a(a)(1)(A) rather than 5 U.S.C. § 3330a(a)(1)(B). The former section pertains to alleged violations of statutes and regulations relating to veterans' preference, and the latter refers to alleged denials of the right to compete for a position under 5 U.S.C. § 3304(f)(1). Section 3304(f)(1) applies only where the agency has accepted applications from outside its own workforce, *see Washburn v. Department of the Air Force*, 119 M.S.P.R. 265, ¶ 6 (2013), and it is undisputed that the agency in this case did not do so. In fact, the agency did not even advertise the position through a vacancy announcement. HCD (testimony of

claim. IAF, Tab 1 at 7; ID at 4 n.3; *see Gingery v. Office of Personnel Management*, 119 M.S.P.R. 43, ¶ 19 (2012).

Human Resources Specialist). Therefore, the appellant's only possible avenue of redress is to prove that the agency violated a law or regulation relating to veterans' preference. *See Isabella v. Department of State*, 106 M.S.P.R. 333, ¶ 22 (2007) (to prevail on the merits of a VEOA claim under 5 U.S.C. § 3330a(a)(1)(A), an appellant must prove by preponderant evidence that the agency violated one or more of his statutory or regulatory veterans' preference rights), *aff'd on req. for recons.*, 109 M.S.P.R. 453 (2008). The gravamen of the appellant's claim is that the agency should have applied competitive-examining procedures because both he and his coworker were preference-eligible veterans competing for the position. PFR File, Tab 1 at 5; IAF, Tab 20 at 4-5. The Board has found that laws governing the competitive-examining process relate to veterans' preference for purposes of VEOA. *Dean v. Department of Agriculture*, 99 M.S.P.R. 533, ¶¶ 16-19 (2005), *aff'd on req. for recons.*, 104 M.S.P.R. 1 (2006). We find that this is a viable claim and that the appellant would be entitled to relief if he established that the agency was required, but failed, to apply these procedures.

¶9      Nevertheless, we agree with the administrative judge that the agency was not required to apply competitive-examining procedures because the appellant was not "on file" with the agency for the Senior TADSS Instructor position. ID at 6-7. Specifically, the agency chose to fill this position through its VRA appointing authority, as was its right. *See Phillips v. Department of the Navy*, 110 M.S.P.R. 184, ¶ 6 (2008) (an agency has the discretion to fill a vacant position by any authorized method); *see also* 5 C.F.R. § 330.102 (same). OPM's guidance provides as follows:

> Ordinarily, an agency may simply appoint any VRA eligible who meets the basic qualifications requirements for the position to be filled without having to announce the job or rate and rank applicants. However, as noted, Veterans' preference applies in making appointments under the VRA authority. This means that if an agency has 2 or more VRA candidates and 1 or more is a preference eligible, the agency must apply Veterans' preference. Furthermore, an agency

must consider all VRA candidates on file who are qualified for the position and could reasonably expect to be considered for the opportunity; it cannot place VRA candidates in separate groups or consider them as separate sources in order to avoid applying preference or to reach a favored candidate.[3]

U.S. Office of Personnel Management, Vet Guide,[4] http://www.opm.gov/policy-data-oversight/veterans-services/vet-guide/. With respect to being "on file," OPM's guidance provides that:

A 10-point preference eligible may file a job application with an agency at any time. If the applicant is qualified for positions filled from a register, the agency must add the candidate to the register, even if the register is closed to other applicants. If the applicant is qualified for positions filled through case examining, the agency will ensure that the applicant is referred on a certificate as soon as possible. If there is no immediate opening, the agency must retain the application in a special file for referral on certificates for future vacancies for up to three years.

*Id.* We agree with the administrative judge that a 10-point preference eligible's application is "on file" if he has submitted it for retention in this "special file" for referral on certificates for future vacancies. ID at 7. Because the appellant did not file his application with the agency, he was not "on file" for purposes of the VRA, and the agency was not required to refer him for consideration for the appointment. Rather, it was entitled to appoint the appellant's coworker by "name request," i.e., by simply appointing him without announcing the job or rating and ranking applicants.

---

[3] It is undisputed that, as disabled veterans, both the appellant and his coworker were VRA-eligible. *See* 38 U.S.C. §§ 4212(a)(3)(A)(i), 4214(a)(2)(B).

[4] While not entitled to the deference accorded to regulations, the Board has found the Vet Guide to be entitled to some weight where it does not conflict with statute. *See Vassallo v. Department of Defense*, 2015 MSPB 8, ¶ 4 (2015); *see also Modeste v. Department of Veterans Affairs*, 121 M.S.P.R. 254, ¶ 11 (2014); *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶¶ 13-15 (2010).

¶10        The appellant disagrees with the administrative judge's analysis based on the following provision of OPM's guidance: "if an agency has 2 or more VRA candidates and 1 or more is a preference eligible, the agency must apply Veterans' preference."  PFR File, Tab 1 at 4.  He argues that he became a "candidate" for the position when the agency reached out to him to solicit his application and that he was "on file" with the agency as a disabled veteran as evidenced by the fact that management was aware that he was a disabled veteran. *Id*.  We disagree because, as explained above, the term "on file" has a specific meaning, which requires that an individual actually file a job application with the agency.  Under the appellant's interpretation, the agency would be required to consider every qualified VRA-eligible on its employment rolls in every hiring action regardless of whether they had submitted applications.  This is not a reasonable interpretation of the provisions at issue.  We find that an individual is only a "candidate" if he has taken the affirmative step to seek a position with the agency by filing an application.

¶11        Regarding the appellant's argument that the Vet Guide provisions at issue are invalid because they require the agency to commit a prohibited personnel practice, we find that the appellant did not raise this argument below, and that he has not established a basis for us to consider it for the first time on review.  PFR File, Tab 1 at 5; *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).  In any event, the appellant's argument appears to proceed from the premise that he was a candidate on file for the Senior TADSS Instructor position, which, as explained above, is not the case.  PFR File, Tab 1 at 5-6.

¶12        Regarding the appellant's argument that the agency committed disability discrimination by failing to accommodate his memory loss, the Board's jurisdiction in a VEOA appeal is limited to determining whether the agency

violated the appellant's veterans' preference rights. It does not extend to claims of discrimination. *Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶ 12 (2001). Accordingly, the Board lacks jurisdiction to consider the appellant's disability discrimination claim in the context of this appeal. *See Lis v. U.S. Postal Service*, 113 M.S.P.R. 415, ¶ 9 n.4 (2010).

¶13 Even assuming that the agency had given the appellant's coworker a better opportunity or clearer instructions on how and when to file his application than it gave the appellant, such action would not constitute a veterans' preference violation because the agency was not required to solicit the appellant's application at all for this VRA appointment, but instead was permitted by law to bypass the competitive-examining process and select the appellant's coworker without competition. *See* 38 U.S.C. § 4214(b); *see also* Executive Order No. 11,521 § 1(a), 35 Fed. Reg. 5,311 (Mar. 26, 1970); 5 C.F.R. §§ 307.101, 307.103; U.S. Office of Personnel Management, Vet Guide.

## ORDER

¶14 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.